**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SAMUEL HUNTER,

      Petitioner,                 Civil No. 5:07-CV-15032

                                    HONORABLE JOHN CORBETT O'MEARA

v.                               UNITED STATES DISTRICT JUDGE

CAROL HOWES,

      Respondent.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

      Samuel Hunter, ("Petitioner"), presently confined at the Lakeland Correctional

Facility in Coldwater, Michigan, seeks the issuance of a writ of habeas corpus pursuant to

28 U.S.C. § 2254.  In *pro se* his application, petitioner challenges his conviction for two

count of second-degree murder, M.C.L.A. 750.317; and one count of arson of a dwelling

house, M.C.L.A. 750.72.  Respondent has filed a motion to dismiss, contending that the

petition was not timely filed in accordance with the statute of limitations contained in 28

U.S.C. § 2244(d)(1).  Petitioner has not filed a response to the motion to dismiss.  For the

reasons stated below, the application for a writ of habeas corpus is **DISMISSED WITH**

**PREJUDICE.**

### I.  Background

      Petitioner was convicted of the above offenses following a bench trial in the

Wayne County Circuit Court.  Petitioner's direct appeals with the Michigan courts ended

on July 30, 1993, when the Michigan Supreme Court denied him leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Hunter,* 443 Mich. 855; 505 N.W. 2d 584 (1993).

On January 3, 1995, petitioner filed a post-conviction motion for relief from judgment, which the trial court denied. The Michigan Court of Appeals subsequently denied petitioner leave to appeal from the denial of the motion for relief from judgment on October 20, 1997. *People v. Hunter,* No. 200692 (Mich.Ct.App. October 20, 1997). Petitioner does not appear to have filed an application for leave to appeal with the Michigan Supreme Court. [1]

In 2006, petitioner filed a second motion for relief from judgment with the trial court. After this second motion was denied by the trial court and the Michigan Court of Appeals, post-conviction proceedings were concluded on October 29, 2007, when the Michigan Supreme Court denied petitioner leave to appeal. *People v. Hunter,* 480 Mich. 923; 740 N.W. 2d 293 (2007). The instant petition was signed and dated November 20, 2007. [2]

---

[1] This Court has reviewed the Michigan Court of Appeals' internet website and there is no indication of any appeal ever having been filed by petitioner to the Michigan Supreme Court following the denial of his first post-conviction appeal by the Michigan Court of Appeals. A search of Westlaw online has also failed to reveal any application for leave to appeal filed by petitioner to the Michigan Supreme Court following the denial of his first post-conviction appeal by the Michigan Court of Appeals. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

[2] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on November 20, 2007, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

## II.  Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one (1) year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court.  The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

In the present case, petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied petitioner's application for leave to appeal on July 30, 1993.  Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on October 28, 1993, when he failed to file a

petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). However, because petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, petitioner had one year from this date to timely file a petition for habeas relief with the federal court. *Porter v. Smith*, 126 F. Supp. 2d 1073, 1074-75 (E.D. Mich. 2001). Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than April 24, 1997 in order for the petition to be timely filed. *Id.* at 1075.

In the present case, petitioner filed a post-conviction motion for relief from judgment with the state trial court on January 3, 1995, prior to the enactment of the AEDPA's statute of limitations. 28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001). Because petitioner's first post-conviction motion was still pending in the state courts on the enactment date of the AEDPA, the one year grace period for filing a habeas petition was further tolled until the conclusion of petitioner's state post-conviction proceedings. *See Gendron v. United States,* 154 F. 3d 672, 675 (7th Cir. 1998). In the present case, the Michigan Court of Appeals denied petitioner leave to appeal from the denial of his first post-conviction motion on October 20, 1997. Under M.C.R. 7.302(C)(3), petitioner would have had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court following the denial of any appeal by the Michigan Court of

Appeals. *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Because petitioner did not file a timely application for leave to appeal the denial of his post-conviction motion to the Michigan Supreme Court, any tolling of the limitations period concluded on December 14, 1997, when the time for seeking leave to appeal with the Michigan Supreme Court expired. *See Brown v. McKee,* 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001). Petitioner therefore had until December 14, 1998 to timely file his petition for writ of habeas corpus with this Court unless the limitations period was otherwise tolled.

Petitioner filed a second motion for relief from judgment with the trial court in 2006, after the one year limitations period had already expired. [3] A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *See also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). Petitioner's second motion for relief from judgment which was filed in the state court after the expiration of limitations period therefore did not toll the limitations period. *See Parker v. Renico,* 105 Fed. Appx. 16, 18 (6th Cir. 2004); *Hunt v. Stegall,* 174 F. Supp. 2d 565, 568 (E.D. Mich. 2001). The instant petition is therefore untimely.

---

[3] Neither petitioner nor respondent has provided the Court with the exact date in 2006 that the second post-conviction motion was filed, although neither party disputes that the motion was filed in 2006. Even giving petitioner the benefit of the doubt that this second post-conviction motion was filed on the first day of 2006, the motion was still untimely.

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The Sixth Circuit also noted that the doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and that "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010. The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *She Jurado,* 337 F. 3d at 642. In the present case, petitioner is not entitled to equitable tolling of the one year limitations period, because petitioner has failed to allege the existence of any extraordinary circumstances which prevented him from filing his habeas petition on time. *Wilson v. Birkett*, 192 F. Supp. 2d 763, 766-67 (E.D. Mich 2002).

Finally, petitioner has failed to present any new, reliable evidence of actual innocence that would toll the limitations period in this case. *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005); *Holloway,* 166 F. Supp. 2d at 1191. Petitioner's claim that counsel was ineffective for failing to present an abandonment

defense at petitioner's trial is insufficient to establish petitioner's actual innocence to the crimes that he was convicted of so as to toll the limitations period. *See Edwards v. Howes,* No. 2008 WL 2478328 (E.D. Mich. June 16, 2008).

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). Accordingly, the Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

<u>s/John Corbett O'Meara</u><br>
United States District Judge

Date: July 24, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 24, 2008, by electronic and/or ordinary mail.

<u>s/William Barkholz</u>
Case Manager